## 2708. DOBBS *v.* THE STATE. ·

The evidence demanded the verdict, and any error of law was immaterial.

### DECIDED FEBRUARY 7, 1911.

Indictment for misdemeanor; from Cobb superior court—Judge Morris. May 14, 1910.

Dobbs was convicted of a violation of the general tax act for 1908 and 1909. This act provides that "all dealers in pistols, toy pistols which shoot cartridges, pistol or rifle cartridges, dirks, bowie knives, or metal knucks" shall pay a special tax of $25 for each fiscal year of their business; that this tax shall be paid to the tax-collector of the county where the vocation is carried on at the time of commencing to do business, and that before any one is authorized to open up or carry on such business, he shall go before the ordinary of the county in which he proposes to do business and register his name, the business he proposes to engage in, the place where he intends to conduct it, and shall then pay the tax to the tax-collector; and that "any person failing to register with the ordinary, or, having registered, fails to pay the special tax as herein required, shall be liable to indictment for misdemeanor." Acts 1907, pp. 29, 36, sec. 2, par. 18, and sec 5. The indictment charges (omitting formal parts) "that the said H. C. Dobbs on the 1st day of January, in the year of our Lord one thousand nine hundred and eight, in Cobb county, did unlawfully then and there, during the year 1908, open up and carry on the business of a dealer in, keep for sale, and sell, under the business name of Dobbs Hardware Company, pistols, toy pistols which shoot cartridges, pistol and rifle cartridges, dirks, bowie knives, and metal knucks, without first registering as required by law, and without paying the tax-collector of said county the special tax required of such dealers." The defendant demurred to the indictment, on the following grounds: (1) It is alleged in the indictment that the offense was committed on the first day of January, 1908, as well as during the year 1908; and as the defendant was not called upon to pay the tax for 1908 until the first day of January, and he had that day to pay it, the indictment is bad and void; and as the prosecution fixed the date as January 1, 1908, it was bound by that date, and could take nothing under the allegation that the offense was committed "during the year 1908," the defendant insisting that, under the law, the act charged against

him could not be a criminal act until after January 1, 1908.   (2)
The indictment should be quashed because it sets forth no offense
under the statute, since the indictment charges that the defendant
commenced his business without having registered and without
having paid the taxes required of him, when the allegation should
have been, in order to charge the offense under the statute, that
the defendant, before beginning his business, failed to register, or,
having registered, failed to pay the tax.   The indictment should
contain either one or the other of these allegations, and, as it con-
tains neither, it is fatally defective.   (3) The indictment charges
that the defendant "did open up and carry on the business of a
dealer in, keep for sale, and sell, under the name of 'Dobbs Hard-
ware Company'." It does not allege that he was the owner of the
business, or that it was incumbent on him to register.   The name
imports either a corporation or a partnership, and the indictment
seeks to convict the defendant for failing to register in his own
name, while the allegation should be that the name of the Dobbs
Hardware Company was not registered.   Nor does the indictment
charge that the defendant was an officer of the corporation, or a
person responsible in the matter.   (4) So much of the indictment
as refers to the non-payment of the tax should be stricken there-
from, the indictment not alleging that the defendant had regis-
tered.   The court overruled the demurrer, and the defendant ex-
cepted.

The motion for a new trial, as amended, contains the general
grounds and eleven special assignments of error.   Several of the
grounds in the amended motion except to the charge of the court
in reference to the non-payment of taxes by the defendant, for
practically the same reason as was presented by the demurrer, it
being insisted that as the defendant was not charged with a failure
to pay the special tax after having registered, any charge on the
subject of the payment of taxes was wholly immaterial, irrelevant,
and prejudicial.   The specific instruction on this subject was that
if the jury believed that the defendant had either failed to register
or to pay the special tax, they were authorized to find him guilty;
and it is insisted that the only issue that could have been made un-
der the allegations of the indictment was as to the failure of the de-
fendant to register, and not as to his failure to pay tax, as his failure
to pay tax did not constitute any offense under the statute, unless he

had first registered. Several of the grounds in the motion object to the ruling of the trial judge in allowing parol evidence that the defendant had failed to pay his tax or had failed to register, it being insisted that the act of registration was a matter of record which could not be contradicted by parol; that the register from the ordinary's office which was in evidence showed that the Dobbs Hardware Company had registered as of a certain date, and that this registration could not be attacked or varied in any manner by parol, the effort of the State being to show that while the record apparently showed that the Dobbs Hardware Company had registered on January 1, 1908, as a matter of fact the registration was subsequent to the apparent date.

*George F. Gober,* for plaintiff in error.

*J. P. Brooke, solicitor-general,* contra.

HILL, C. J. (After stating the foregoing facts.)

This case comes before this court wrapt in the solitude of its own originality. Of the thousands or more decisions which the courts have made, none seem to be related by consanguinity or affinity to any of the assignments of error. At least the court must assume such to be the fact, for while in the very elaborate briefs filed by counsel for both sides the arguments are strong, they seem to spring from original suggestion, as there is not a single citation of authority, not even from the Encyclopædia, or "Cyc." Following the example of learned counsel, the court will treat the case as one of first impression, and will endeavor to arrive at a proper conclusion, unaided by the light of precedent or authority.

1. As to the demurrer. The indictment in this case clearly charged only one offense, to wit, that the defendant failed to register with the ordinary before commencing his business as described in the indictment. The further allegation of the indictment, that he also failed to pay the special business tax required of him, is simply surplusage. The non-payment of the tax without registering was immaterial. It is only an offense not to pay the tax after having registered with the ordinary as prescribed by the statute. In other words, any allegation as to the payment of tax or the non-payment of tax was wholly irrelevant and immaterial, unless it was first charged that the defendant had registered his business. But clearly the allegation that the defendant did open up and carry on the business of dealer, etc., without first register-

ing as required by law, charges a violation of that statute, which is mandatory in its terms, in requiring that he shall register before commencing his business. This charge is perfect and complete, and it is not at all impaired or rendered obscure or confused by the additional charge that the defendant did further commence business without first paying to the tax-collector of the county the special tax as required. Matter which is purely surplusage will not be allowed to vitiate that which is clearly set out in the indictment, and which describes the offense in the language of the statute.

We do not think that there is any merit in the objection made by the demurrer that no offense was alleged because the defendant had the entire first day of January, 1908, in which to register and pay the tax, and that his failure to do so could not be a penal offense until after the expiration of that day. In other words, the insistence is, that a failure to register or to pay the tax did not become an offense under the law until after the day of its commission as alleged in the indictment; that the allegation that he did unlawfully, during the year 1908, open up and carry on the business of a dealer, etc., could not be considered as fixing any specific time. The allegation in the indictment as to the time when the offense was committed, in our opinion, simply amounts to a statement that the defendant, on the first day of January, in the year of our Lord, 1908, and at "divers other and sundry times" thereafter during the year 1908, did carry on the business described, without complying with the act requiring registration as a condition precedent to the commencement of such business. Neither do we think there is any merit in the demurrer that the indictment charges no offense against the defendant, Dobbs, because it alleges that the business was carried on under the name of the Dobbs Hardware Company, and that the name imports a partnership or corporation, and that under this latter name the business should have been registered. The indictment is sufficiently specific on this point in charging that Dobbs opened up and carried on the business of a dealer under the business name of Dobbs Hardware Company. If the evidence relating to this allegation should show that the business was carried on by a partnership or a corporation under the name of Dobbs Hardware Company, and that the allegation in the indictment that Dobbs carried on the business under the business name of Dobbs Hardware Company was not true, this allegation

would not be supported, and an acquittal would result. The allegation is sufficient as against a demurrer. We conclude that the trial judge committed no error in overruling the demurrer. The indictment sufficiently set forth the offense of commencing business without registering as required by the act, and sufficiently charged that the defendant as an individual committed that offense, and the allegation in the indictment in reference to the non-payment of taxes was simply surplusage.

2. As to the motion for a new trial: those grounds of the motion which object to the charge of the court, in instructing the jury in effect that they would be authorized to convict the defendant if they believed beyond reasonable doubt that he either failed to register or failed to pay his special tax, are really covered by the ruling on the demurrer. It was error for the court to charge anything at all on the subject of the payment or non-payment of taxes, for there is no such offense under the statute as non-payment of taxes without first having registered; and the offense of not paying the taxes after having registered was not set out in the indictment. What may be considered as surplusage in the indictment in this case may be logically considered as harmless error when presented by the charge. In other words, the instructions relating to the surplusage could not in a legal sense have caused any injury to the accused, and therefore, while, strictly speaking, the charge of the court that guilt would be proved by non-payment of taxes was erroneous, yet the error was manifestly harmless, because the only offense charged against the defendant, to wit, that he had failed to register, was unequivocally proved.

3. It is insisted by learned counsel for the plaintiff in error that the record of registration from the ordinary's office showed that the Dobbs Hardware Company had registered on January 1, 1908, and this entry could not be denied or varied by parol evidence; in other words, that this evidence conclusively established the fact that the defendant had registered as provided by the statute on the 1st day of January, 1908. We think that parol evidence was admissible to show that the apparent date of this registration was not in fact the real date. Any mistake in an entry made on a record can be proved by parol. There is no authority for the proposition that an entry, because it appears on a record, must be accepted as the absolute truth. The clerk to the ordinary testified that the registration

which was introduced and which purported to have been made on January 1, 1908, was not actually made on that date. The accused admitted to the tax-collector of the county that he had not registered for the year 1908. The tax-collector testified, that he asked the accused to register his business, in order that he might collect the special tax; that he made this request some time during the first quarter of the year 1908, and that the accused refused to register, although he was then carrying on his business under the name of Dobbs Hardware Company. And the tax-collector for the year 1909 testified that the accused did not pay his business tax for 1908 until March, 1909; at which latter date he paid his business taxes for both years. It is insisted that this evidence as to the payment of his taxes for 1909 for both years should not have been admitted, because not pertinent to the only valid part of the indictment, which charges a failure to register. We think the evidence was admissible as a circumstance tending to corroborate evidence of the charge that the accused had not registered for 1908, for the inference of non-registration is fairly deducible from proof of a failure to pay the tax. The accused in his statement, which is both comprehensive and non-committal, states generally that he had registered and had paid his taxes; he fails to state when he registered and paid his tax. He does not deny that both registration and payment of taxes took place in 1909. It is somewhat significant that with the writing to aid him, he rested his case on the general statement, giving no date, that at the time of the trial he was registered and had paid his tax. This statement was entirely consistent with the proof that he did not register in 1908.

Leaving out of consideration all mere technical points, the evidence in this record undisputedly shows the following essential facts: that the accused, in 1907, 1908, and 1909 did open up and carry on the business described in the indictment, under the name of Dobbs Hardware Company; that he failed to register in 1908 before he commenced to carry on his business for that year, and that he had probably carried on the business for nearly two years before he registered and paid his tax. The conclusion seems to be irresistible that he violated the act on which the indictment was based. If any error of law was committed, it was not sufficiently material and prejudicial to require this court to set aside a verdict so clearly and strongly supported.                    *Judgment affirmed.*