# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

#### AT THE

## OCTOBER TERM, 1918.

---

### MOORE *v.* THE STATE.

1. Under section 924 of the Civil Code, every dealer in automobiles is required to pay one tax in each county in which he operates.
2. An employee of a dealer in automobiles, working for a salary, is guilty of a misdemeanor, under sections 978 of the Civil Code and 469 of the Penal Code, where he solicits sales for the dealer in a county where the tax required of the dealer has not been paid, and the dealer has not registered as provided by law.

No. 760. October 15, 1918.

Question certified by Court of Appeals (Case No. 9380).

*Walter DeFore* and *James C. Estes,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

HILL, J. The Court of Appeals desires an answer to the following question: "Under the facts stated below is the defendant guilty of a misdemeanor? An automobile dealer has his only place of business in Bibb county. He has duly paid to the tax-collector of that county the special tax required under section 924 of the Political Code, and has duly registered before the ordinary of that county as required by section 978 of the Political Code. He sends the defendant (an employee who receives no commissions nor any part of the profits of the business, but only a fixed salary of $75 per month, as a salesman) into Houston county, to solicit orders for the sale of automobiles in which he (the employer) is a dealer. The defendant solicits and obtains orders in Houston county for the sale of such automobiles, and some sales to citizens of that county are actually consummated. Neither the dealer nor the employer had registered in Houston county, or paid the

special tax to the tax-collector of that county. Is the employee guilty of a misdemeanor under section 978 of the Civil Code and section 469 of the Penal Code?"

Section 469 of the Penal Code is as follows: "Any person who fails to register or pay the special tax mentioned in section 978 of the Civil Code shall be guilty of a misdemeanor, and shall be fined. not less than double the tax, or be imprisoned as prescribed in section 1065 of this Code, or both, in the discretion of the court. One half of the fine shall be applied to the payment of the tax, and the other to the fund of fines and forfeitures for the use of the officers of the court." And section 978 of the Civil Code provides: "The taxes provided for in this article shall be paid in full, for the fiscal years for which they are levied, to the tax-collectors of the counties where such vocations are carried on at the time of commencing to do business, except such taxes as are by this article made payable to the comptroller-general. Before any person shall be authorized to open up or carry on said business, they shall go before the ordinary of the county in which they propose to do business and register their names, the business they propose to engage in, the place where it is to be conducted, and they shall then proceed to pay their tax to the collector. And it shall be the duty of said ordinary to immediately notify the tax-collector of such registration, and at the end of each quarter furnish the comptroller-general with a report of such special tax registration in his office. Any person failing to register with the ordinary, or, having registered, fails to pay the special tax as herein required, shall be guilty of a misdemeanor and on conviction shall be fined not less than double the tax or be imprisoned as prescribed by section 1065 of the Penal Code, or both in the discretion of the court. One half of said fine shall be applied to the payment of the tax, and the other to the fund of fines and forfeitures for the use of the officers of the court." The above-quoted sections relate in part to section 924 of the Civil Code, which imposes a tax "Upon every agent of, and upon every dealer in, and upon every person soliciting orders for the sale of or purchase of automobiles or other self-propelling vehicles, the sums set out below, for each agency, or place of business, or where a sale or sales are made." Then follows a schedule of taxes to be paid according to the population of each county where such business is conducted. .

The legislature evidently meant to place a tax on the dealer, or general agent, or alter ego of the principal, or one place of business in each county where such business is conducted. The latter portion of section 924 adds force to the above conclusion; for it is there declared that the tax is to be paid for each "agency" "or place of business." It will be observed that the act does not declare that each "agent" or "solicitor" for the general agent or dealer shall pay the tax, but it is to be upon "each agency or place of business," where the tax is to be paid by the dealer. The language, "upon every dealer in," as used in the code, manifestly means that the tax is to be collected from every person who buys and sells automobiles for himself and on his own account. While this is so, in misdemeanor cases all are principals. The solicitor or agent in the instant case, as shown by the question propounded, did business by soliciting orders for automobiles in Houston county without the tax for conducting such business having been paid by his principal, or by himself for the principal, and where the principal had not registered as required by the statute. It was the defendant's duty to see that the law had been complied with before he solicited orders. Having failed to do so, under the rule announced above, he would be guilty of a misdemeanor under the code sections cited in the question propounded by the Court of Appeals. The fact that the amount of the tax was tendered after the case was made against him would not, as contended, relieve him.                            *All the Justices concur.*