## 9380. MOORE v. THE STATE.

BROYLES, P. J. 1. "Under section 924 of the Civil Code, every dealer in automobiles is required to pay one tax in each county in which he operates." *Moore* v. *State,* 148 *Ga.* 457 (97 S. E. 76).

2. "An employee of a dealer in automobiles, working for a salary, is guilty of a misdemeanor, under sections 978 of the Civil Code and 469 of the Penal Code, where he solicits sales for the dealer in a county where the tax required of the dealer has not been paid, and the dealer has not registered as provided by law." *Moore* v. *State;* supra.

3. Where a dealer in automobiles has registered as provided by law, and paid the required tax, in a certain county, any number of his employees can solicit sales for him in such county without paying any other tax. The tax is required from the dealer only, and not from his employees. *Moore* v. *State,* supra.

4. Any holding in *Dobbs* v. *State*, 8 *Ga. App.* 731 (70 S. E. 101), which may be contrary to the above ruling, is, on review thereof, overruled.

5. Under these rulings the defendant's conviction was demanded by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED NOVEMBER 7, 1918.

Indictment for misdemeanor; from Houston superior court—Judge Mathews. November 7, 1918.

The indictment charged that on July 2, 1917, in Houston county, the defendant "did . . . unlawfully deal in and act as agent of a dealer in automobiles, and solicit orders for the sale of automobiles and other self-propelling vehicles, and failed to register with the ordinary of said county as required by law, and failed to pay the special tax as required by law." The accused was convicted, and the case came to the Court of Appeals on exceptions to the overruling of his motion for a new trial. This court certified to the Supreme Court the following question: "Under the facts stated below is the defendant guilty of a misdemeanor? An automobile dealer has his only place of business in Bibb county. He has duly paid to the tax-collector of that county the special tax required under section 924 of the Political Code (1910), and has duly registered before the ordinary of that county as required by section 978 of the Political Code. He sends the defendant (an employee, who receives no commissions nor any part of the profits of the business, but only a fixed salary of $75 per month, as a salesman) into Houston county, to solicit orders for the sale of automobiles in which he (the employer) is a dealer. The defendant solicits and obtains orders in Houston county for the sale of such automobiles, and some sales to citizens of that county are actually consummated. Neither the dealer nor the employee has any place of business in Houston county. Neither the dealer nor the employee had registered in Houston county, or paid the special tax to the tax-collector of that county. Is the employee guilty of a misdemeanor under section 978 [supra], and section 469 of the Penal Code?" Paragraphs 1 and 2 of the decision of the Court of Appeals are taken from the instructions of the Supreme Court in answer to this question.

*Walter DeFore, James C. Estes,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.